# EXHIBIT A

34744048v1 2249



(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 1777CV00276-B

WILLIAM MCDERMET ............................................................, Plaintiff(s)

v.

AMERGY SOLAR, INC.
TRINITY HEATING + AIR, INC. ............................................................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon WILLIAM MCDERMET, plaintiff's attorney, whose address is 4 SECOND ST., IPSWICH, MA 01938, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at NEWBURYPORT either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the
day of                    , in the year of our Lord two thousand

A TRUE COPY, ATTEST
3/13/17
DEPUTY SHERIFF

Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____, 20    .                                    _____

N.B.  TO PROCESS SERVER:-
      PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
      THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|                                |
|--------------------------------|
|                       , 20   . |

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 17-77-CV-276-D

WILLIAM MODERMET
Plaintiff(s)

DWERGY SOLAR, INC.
TRINITY HEATING & AIR, INC.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

# CIVIL ACTION COVER SHEET

17-77-CV-276

**Trial Court of Massachusetts
The Superior Court**

| | |
|---|---|
| **PLAINTIFF(S):** William McDermet | **COUNTY** Essex |
| **ADDRESS:** 4 Second Street | |
| Ipswich, MA 01938 | **DEFENDANT(S):** Amergy Solar, Inc, |
| | 255 Old New Brunswick Road |
| **ATTORNEY:** pro se | Piscataway, NJ 08854 |
| **ADDRESS:** | **ADDRESS:** Trinity Heating and Air, Inc. |
| | 2211 Allenwood Road |
| | Wall, NJ 07719 |
| **BBO:** | |

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BH 1 | Violation of Trade Laws | A | [X] YES [ ] NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................ $
  2. Total doctor expenses ................. $
  3. Total chiropractic expenses ........... $
  4. Total physical therapy expenses ....... $
  5. Total other expenses (describe below) . $
                                  Subtotal (A): $
B. Documented lost wages and compensation to date ... $
C. Documented property damages to dated ............. $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ................ $
F. Other documented items of damages (describe below) $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):
  Violations of M.G.L. c. 159C
  Violations of the Federal Telephone Consumer Protection Act

TOTAL: $ 217,500.00

Signature of Attorney/Pro Se Plaintiff: X [signature]                Date: 2/27/2017

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X                                              Date:

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                            SUPERIOR COURT DEPARTMENT
                                                      CIVIL ACTION NO: 17 CV 276

| | |
|---|---|
| WILLIAM MCDERMET | ) |
| Plaintiff | ) |
| v. | ) |
| AMERGY SOLAR, INC. | ) |
| TRINITY HEATING AND AIR, INC. | ) |
| Defendants | ) |

## COMPLAINT AND JURY DEMAND

1.  This is a civil action for damages based on the defendants' joint violations of the Federal Telephone Consumer Protection Act (47 U.S. Code § 227), M.G.L.c. 159C, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

## THE PARTIES

2.  Plaintiff, WILLIAM MCDERMET, is a natural person residing currently and all times relevant to this action in Ipswich, Essex County, Massachusetts.

3.  Defendant, AMERGY SOLAR, INC. (hereinafter, AMERGY), is a corporation headquartered at 255 Old New Brunswick Road, Piscataway, New Jersey, 08854, and

1

maintaining offices at 15 Midstate Drive, Suite 210, Auburn, Massachusetts, 01501 (Worcester County), and 160 Old Derby Street, Suite 112 Hingham, Massachusetts, 02043 (Plymouth County).

4. Defendant, TRINITY HEATING AND AIR, INC. (hereinafter, TRINITY), is a corporation headquartered at 2211 Allenwood Road, Wall, New Jersey, 07719, and maintaining an office at 20 Patterson Brook Road, Unit #10, West Wareham, Massachusetts, 02576 (Plymouth County).

5. Defendants are jointly and severally liable because some or all of the violations alleged were committed by third-party agents whom both Defendants employ, in an effort to shield themselves from liability, and whose identities Defendants have actively concealed, and who are likely not reachable, or are judgment-proof.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the causes of action alleged in this Verified Complaint because the defendants AMERGY, and TRINITY have had sufficient contact with Massachusetts, and Essex County, in connection with the causes of action alleged in this Verified Complaint pursuant to G.L. c. 223A, § 3, and c. 93A. Defendants maintain offices within the Commonwealth.

7. The Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint.

8. Venue is appropriate because the violations complained of all occurred in Essex County, Suffolk County, or Middlesex County, Massachusetts.

2

## **STATEMENT OF FACTS**

9. Plaintiff registered his home telephone number (978-356-0256) with the State Do-Not-Call registry on April 1, 2003, and Federal Do-Not-Call Registry on August 16, 2003, and his cellular telephone number (978-270-8669) with the State Do-Not-Call Registry on July 1, 2010, and Federal Do-Not-Call Registry on January 28, 2010, in accordance with G.L. c. 159C, 201 CR 12.05, 47 U.S. Code 227 (the Telephone Consumer Protection Act), and 16 C.F.R. § 310.4(b)(1)(iii)(B).

10. On March 3, 2016, Plaintiff mailed AMERGY a Demand Letter to the effect that AMERGY was violating state and federal Do-Not-Call laws, and demanding that they stop, to Amergy's office in Piscataway, New Jersey, by certified mail. This letter was delivered and signed for on March 7, 2016.

11. On March 7, 2016, Plaintiff mailed TRINITY a Demand Letter to the effect that TRINITY was violating state and federal Do-Not-Call laws, and demanding that they stop, to Trinity's office in Wall, New Jersey. This letter was delivered and signed for on March 11, 2016.

12. On March 31, 2016, the Parties, together with an agent of both Defendants, entered into a 'General Release, Confidentiality, and Settlement Agreement', regarding any claims arising up to that date, the circumstances and terms of which remain confidential.

13. On April 29, 2016 (twice); May 2, 2016; May 18, 2016; May 23, 2016; May 31, 2016; July 6, 2016; July 8, 2016 (thrice); July15, 2016 (twice); and September 6, 2016, unidentified entities telephoned Plaintiff on his cell phone (978-270-8669), inquiring whether Plaintiff was interested in solar panels. On some of these occasions, the caller indicated that he or she was associated either Trinity or Amergy.

14. On July 8, 2016 and September 12, 2016; unidentified entities telephoned Plaintiff on his home phone (978-356-0256), inquiring whether Plaintiff was interested in solar panels. On the latter occasion, the caller indicated that he or she was associated with Amergy.

15. On July 15, 2016 (twice); August 2, 2016; September 6, 2016; and September 28, 2016, Plaintiff received calls on his cellular phone where Plaintiff heard only silence, no person appearing to be on the other end. Returning these calls, Plaintiff spoke with a person who stated that the preceding call was an inquiry about solar panels. On August 2, 2016, they indicated that they worked with TRINITY. On September 6, 2016, they indicated they worked with AMERGY, and offered to make, and did make an appointment for a sales visit.

16. On September 22, 2016; September 26, 2016; September 28, 2016; November 4, 2016; and November 17, 2016, Plaintiff received calls on his cellular phone from entities regarding solar panels.

17. Plaintiff mailed AMERGY a Demand Letter to the effect that AMERGY was violating state and federal Do-Not-Call laws, and demanding that they stop, to Amergy's office in Piscataway, New Jersey, by certified mail on September 10, 2016. This letter was delivered and signed for on September 12, 2016.

18. On September 29, 2016, Plaintiff received four text messages from someone who identified himself as "Glen Myers, with Trinity Solar ... of Wall NJ." All four of these messages were timestamped 9:00 p.m. or later.

19. Plaintiff mailed TRINITY a Demand Letter to the effect that TRINITY was violating State and Federal Do-Not-Call laws, and demanding that they stop, to Trinity's office in

4

Wall, New Jersey, by certified mail on October 3, 2016. This letter was delivered and signed for on October 4, 2016.

20. On October 10, 2016, and twice on October 19, 2016, Plaintiff received calls on his home phone line, from persons inquiring if Plaintiff was interested in solar panels. Plaintiff and the caller arranged for a sales visit with AMERGY. Later on October 19, 2016, Plaintiff received an e-mail from 'Karla', an account executive with 'Think About Solar', stating that this sales visit was scheduled for October 21, 2016. Plaintiff responded with an e-mail advising 'Karla' that her phone calls violated the law, and attaching the previously mailed Demand Letter.

21. On November 11, 2016, Plaintiff received a call on his cellular phone from the "Solar Media Team", who transferred Plaintiff to "Melanie, with Trinity Solar", who placed Plaintiff on hold, and never returned to the call.

22. On January 25, 2017, Plaintiff received two telephone calls to his cellular phone and heard a machine voice inquiring about solar panels, then asking Plaintiff to wait for a representative. Both calls were terminated by the caller with no human voice ever speaking.

23. On February 22, 2016, Plaintiff received a call on his cellular phone, from 917-398-9308 and heard only silence. Calling back, Plaintiff spoke with a person who indicated they had been calling from "Go Solar", then hung up. Plaintiff received three calls on February 24, 2016, from this same number, hearing only silence.

## COUNT I

### VIOLATIONS OF MASSACHUSETTS DO-NOT-CALL LAWS

24. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-23, as if fully set forth herein.

25. Defendants or their agents on thirty-nine (39) occasions knowingly and intentionally violated M.G.L.c.159C§3(i) and 201 CMR 12.02(1) and (6), by calling Plaintiff's home and cellular telephone numbers, which were registered several years prior to and at those times with the State and Federal Do-Not-Call-Registries.

26. Defendants or their agents knowingly and intentionally violated 201 CMR 12.02(6) by not maintaining a list of all consumers who have elected not to receive unsolicited telephonic sales calls.

27. Defendants or their agents on those thirty-nine occasions knowingly and intentionally violated 201 CMR 12.02(7)(a) by failing to disclose within the first minute of the calls that the purpose of the calls was to make a sale.

28. Defendants or their agents on those thirty-nine occasions knowingly and intentionally violated 201 CMR 12.02(7)(b) by failing to disclose within the first minute of the calls the correct name of the telemarketing company that employed the individual telemarketer making the call.

29. Defendants or their agents on those thirty-nine occasions knowingly and intentionally violated 201 CMR 12.02(7)(c) by failing to disclose within the first minute of the calls the correct name of the ultimate seller whose goods or services were being offered by means of those telemarketing sales calls.

30. Defendants or their agents on two of the above noted occasions violated 201 CMR 12.02(4), by using a mechanical or recorded device.

## COUNT II

## VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS
## 47 U.S. Code § 227 AND 47 CFR 64.1200

31. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-30, as if fully set forth herein.

32. Defendants or their agents on four above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(c)(2) by calling Plaintiff's home telephone number, which was registered with the State and Federal Do-Not-Call Registries.

33. Defendants or their agents on thirty-one of the above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2) by calling Plaintiff's cellular telephone number, which was registered with the State and Federal Do-Not-Call Registries, using an automatic telephone dialing system.

34. Defendant TRINITY on September 29, 2016, four times knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2) by texting Plaintiff's cellular telephone number, which was registered with the State and Federal Do-Not-Call Registries.

35. Defendants or their agents on two of the above noted occasions knowingly and intentionally violated 47 CFR 64.1200(a)(1)(iii) and (2) by using an artificial or prerecorded voice when calling Plaintiff's cellular telephone line.

36.  Defendants or their agents on five occasions violated 47 CFR 64.1200(a)(7)(i) by calling Plaintiff, but not having a live sales representative greet Plaintiff within two seconds of Plaintiff's greeting.

## COUNT III

## VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT AND OF 47 U.S. CODE § 227

37.  Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-36 as if fully set forth herein.

38.  All of the above acts constituted violations of the Massachusetts Consumer Protection Act, M.G.L.c.93A, 47 U.S. Code § 227, and 47 U.S. Code § 227(a)(3)(B), being unfair and deceptive acts.

**WHERFORE**, Plaintiff requests that this honorable Court:

A.  Enter judgment against all of the defendants on all counts, both individually and jointly and severally, where the context so allows;

B.  Award damages in the amount of $195,000 for the thirty-nine violations enumerated in Count I, being $5,000 for each as a violation of Massachusetts law per M.G.L.c.159C §5(b)(2);

C.  Award damages in the amount of $2,000 for the four violations enumerated in Count II, paragraph 29, $500 each as violations of Federal law in 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(c)(2), per 47 U.S. Code § 227(c)(5)(B);

D. Award damages in the amount of $15,500 for the thirty-one violations enumerated in Count II, paragraph 30, $500 each as violations of Federal law in 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2), per 47 U.S. Code § 227(c)(5)(B);

E. Award damages in the amount of $2,000 for the four violations enumerated in Count II, paragraph 31, $500 each as violations of Federal law in 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2), per 47 U.S. Code § 227(c)(5)(B);

F. Award damages in the amount of $1,000 for the two violations enumerated in Count II, paragraph 32, $500 each as violations of Federal law in 47 CFR 64.1200(a)(7)(i), per 47 U.S. Code § 227(c)(5)(B);

G Award damages in the amount of $2,000 for the four violations enumerated in Count II, paragraph 31, $500 each as violations of Federal law in 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2), per 47 U.S. Code § 227(c)(5)(B);

H. Find that some or all of the violations complained of are willful or knowing, and award damages to Plaintiff and double or treble all such damages, as applicable and as the Court deems appropriate, pursuant to the provisions of M.G.L. c. 93A §2, and 47 U.S. Code § 227;

I. Issue a Permanent Injunctive Order enjoining all Defendants from ever contacting Plaintiff by telephone, at his home or cellular telephone number;

J. Issue an Injunctive Order directing Defendants to provide Plaintiff with the names, aliases, other identities, telephone numbers, locations, and mailing addresses of any and all telemarketing lead generators from whom they have received sales leads regarding Plaintiff or Plaintiff's telephone numbers (978-270-8669 and 978-356-0256) from January 1, 2014, to the present; and

9

K.    Award Plaintiff costs of suit.


**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE**



By William McDermet, pro se

*[signature]* 2/27/17
William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com

Trinity Heating & Air, Inc.
20 Patterson Brook Road
Unit 10
West Wareham, MA 02576

17003512
Plymouth County Sheriff's Department
22 Cottage Street
Post Office Box 1663
Brockton, MA  02303
(508) 580-2110

Gregory Kamon

THIS ENVELOPE WAS HAND
DELIVERED – NOT MAILED

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1777CV00276 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: William McDermet vs. Amergy Solar Inc et al | | Thomas H. Driscoll, Jr., Clerk of Courts |
| TO: Trinity Heating and Air Inc | | COURT NAME & ADDRESS Essex County Superior Court - Newburyport 145 High Street Newburyport, MA 01950 |

## TRACKING ORDER - A - Average

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION

### DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/30/2017 | |
| Response to the complaint filed (also see MRCP 12) | | 06/28/2017 | |
| All motions under MRCP 12, 19, and 20 | 06/28/2017 | 07/28/2017 | 08/28/2017 |
| All motions under MRCP 15 | 04/24/2018 | 05/24/2018 | 05/24/2018 |
| All discovery requests **and depositions** served and non-expert despositions completed | 02/18/2019 | | |
| All motions under MRCP 56 | 03/20/2019 | 04/19/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 08/19/2019 |
| Case shall be resolved and judgment shall issue by | | | 02/28/2020 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to        B SESSION IN NEWBURYPORT

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 02/28/2017 | Jo Dee Doyle | (978)462-4474 |