IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM McDERMET,         )<br>                          )<br>         Plaintiff,       )<br>                          )<br>    v.                    )<br>                          )<br> AMERGY SOLAR, INC.        )<br> TRINITY HEATING AND AIR, INC.,   )<br>                          )<br>         Defendants.      )<br>                          ) | Case No. 17-10566 |

## ANSWER

Defendant Amergy Solar Inc. ("Amergy"), through counsel, hereby submits its Answer to the Complaint of Plaintiff William McDermet ("McDermet") as follows.  Unless specifically admitted, all allegations in the Complaint are denied.

## COMPLAINT AND JURY DEMAND

1. Amergy admits the Complaint purports to claim joint violations of the Federal Telephone Consumer Protection Act (47 U.S. Code § 227); M.G.L.c. 159C; and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.  Amergy denies violating these statutes.

## THE PARTIES

2. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and on that basis denies those allegations.

3. Admitted.

4. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies those allegations.

5.	Amergy lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 5 regarding Trinity Heating and Air, Inc. ("Trinity"), and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 5.

## JURISDICTION AND VENUE

6.	The allegations of paragraph 6 constitute legal conclusions to which no response is required. To the extent any response is required, such allegations are denied.

7.	Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies those allegations.

8.	The allegations of paragraph 8 constitute legal conclusions to which no response is required. To the extent any response is required, such allegations are denied.

## STATEMENT OF FACTS

9.	Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies those allegations.

10.	Denied.

11.	Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies those allegations.

12.	Denied.

13.	Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 13.

14.	Amergy lacks knowledge or information sufficient to form a belief as to the first sentence of paragraph 14, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 14.

15. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 15.

16. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies those allegations.

17. Denied.

18. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and on that basis denies those allegations.

19. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies those allegations.

20. Amergy denies the allegations in the first two sentences of paragraph 20. Amergy lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20, and on that basis denies those allegations.

21. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and on that basis denies those allegations.

22. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, and on that basis denies those allegations.

23. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis denies those allegations.

## COUNT I

### VIOLATIONS OF MASSACHUSETTS DO-NOT-CALL LAWS

24. Amergy hereby restates and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

25. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 25.

26. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 26.

27. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 27.

28. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 28.

29. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 29.

30. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 30.

## COUNT II

### VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS
### 47 U.S. Code § 227 AND CFR 64.1200

31. Amergy hereby restates and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

32. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 32.

33. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 33.

34. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, and on that basis denies those allegations.

35. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 35.

36. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 36.

## COUNT III

**VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT
AND OF 47 U.S. CODE § 227**

37. Amergy hereby restates and incorporates by reference its responses to the preceding allegations of the Complaint as if fully set forth herein.

38. Amergy lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 regarding Trinity, and on that basis denies those allegations. Amergy denies the remaining allegations in paragraph 38.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint and each and every purported cause of action in the Complaint fails to state a claim against Amergy upon which relief can be granted.

### Second Affirmative Defense

The claims asserted in Plaintiff's Complaint are barred in whole or in part by laches, waiver, and/or acquiescence.

### Third Affirmative Defense

The claims asserted in Plaintiff's Complaint are barred in whole or in part by estoppel and/or unclean hands.

### Fourth Affirmative Defense

The claims asserted in Plaintiff's Complaint are barred because Plaintiff has suffered no actual harm or damages.

### Fifth Affirmative Defense

The claims asserted in Plaintiff's Complaint are barred because Amergy has established and implemented, with due care, reasonable practices and procedures designed to prevent violations of the Telephone Consumer Protection Act.

### Sixth Affirmative Defense

Amergy reserves the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

## PRAYER FOR RELIEF

**WHEREFORE**, Amergy requests that this honorable Court:

A. Enter judgment dismissing each count of the complaint in its entirety, with prejudice;

B. Award Amergy reasonable attorney's fees, expenses, and costs associated with the action under the applicable law, and;

C. Grant such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Dated:  April 10, 2017

Respectfully submitted,

**AMERGY SOLAR, INC.**

By Its Attorneys,
**NIXON PEABODY LLP**

By: */s/ W. Daniel Deane*
W. Daniel Deane (BBO # 568694)
**NIXON PEABODY LLP**
900 Elm Street, 14th Floor
Manchester, NH 03101
T:  (603) 628-4047
F:  (866) 947-1243
ddeane@nixonpeabody.com

Troy K. Lieberman (BBO # 681755)
Julianna Malogolowkin (BBO# 693320)
**NIXON PEABODY LLP**
100 Summer Street
Boston, Massachusetts 02110
T:  (617) 345-1281
F:  (855) 451-6601
tlieberman@nixonpeabody.com
jmalogolowkin@nixonpeabody.com

## **CERTIFICATE OF SERVICE**

     I, W. Daniel Deane, hereby certify that on this 10th day of April, 2017, the foregoing document was filed through the ECF system and served electronically on the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                  */s/ W. Daniel Deane*
                                                  W. Daniel Deane