UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDERMET, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TRINITY HEATING AND AIR, INC., ) <br> ) <br> Defendant. ) | Civil Action No. 17-10566 |

# MEMORANDUM AND ORDER

**CASPER, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　February 12, 2018

## I. Introduction

Plaintiff William McDermet ("McDermet"), *pro se*, filed this action against Defendant Trinity Heating and Air, Inc. ("Trinity") alleging violations of the Massachusetts Telemarketing Solicitation Act ("MTSA"), Mass. Gen. L. c. 159C, the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C § 227, and various federal regulations, 47 C.F.R. § 64.1200 *et seq*. D. 27 ¶¶ 20, 22-26. Trinity has moved to dismiss all but McDermet's claim that he was called in violation of the TCPA's do-not-call-restrictions. D. 30 at 1; see D. 27 ¶ 22. For the reasons stated below, Trinity's motion, D. 29, is ALLOWED in part and DENIED in part.

## II. Standard of Review

To survive a motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Where "the factual allegations in the complaint are too

meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013) (quoting SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) (en banc)).

## III. Factual Background

The Court accepts as true the facts alleged in the complaint. See Ashcroft, 556 U.S. at 678. McDermet registered his home telephone number with the state "Do-Not-Call" registry in April 2003 and the federal "Do-Not-Call" registry in August 2003. D. 27 ¶ 7. He registered his cellular telephone number with the same state and federal registries in July 2010 and January 2010, respectively. Id. McDermet alleges he received thirty-one phone calls from Trinity or its agents between April 2016 and February 2017. Id. ¶ 10-13, 16-18. These callers sometimes indicated an association with Trinity, id. ¶ 10, 12, 16, and other times remained unidentified, id. ¶ 10-13, 17-18. On most occasions, these callers inquired whether McDermet was interested in solar panels. Id. ¶ 10-12, 17. Occasionally McDermet heard only silence and would then return the phone call, id. ¶12, 18, while other times McDermet heard an automated message, id. ¶ 17. McDermet also received four text messages on September 29, 2016 from someone identifying himself as "Glen Myers, with Trinity Solar . . . of Wall NJ." Id. ¶ 14. McDermet sent two letters to Trinity, one in March 2016 and the other in October 2016, claiming the company was violating state and federal "Do-Not-Call" laws and demanding they stop. Id. ¶¶ 8, 15.

## IV. Procedural History

Plaintiffs instituted this action in Essex Superior Court. D. 1-1. Trinity removed the action to this Court on April 3, 2017. D. 1. Trinity has now moved to dismiss certain of the counts. D.

29. The Court heard the parties on the pending motion and took the matter under advisement. D. 40.

## V. Discussion

### A. <u>MTSA Claims</u>

As a preliminary matter, Trinity argues that all of McDermet's MTSA allegations fail generally because, as pled, no private right of action exists. D. 30 at 2. An individual "who has received more than 1 unsolicited telephonic sales call within a 12-month period by or on behalf of the same person or entity in violation of [Chapter 159C: Telemarketing Solicitation]" may bring a private action. Mass. Gen. L. c. 159C, § 8(b). Trinity contends that McDermet has not "allege[d] even minimal facts that would allow this Court to reasonably infer that the calls amounted to 'unsolicited telephone sales calls.'" D. 30 at 3. The Court disagrees. A "telephonic sales call" is a call made to a consumer from a solicitor attempting to engage in marketing, sales or credit solicitation or to obtain information for solicitation purposes. Mass. Gen. L. c. 159C, § 1. An "unsolicited telephonic sales call" is a telephonic sales call not made (i) in response to an express request of the consumer; (ii) primarily in connection to an existing debt, contract or performance which has not been completed by the time of the call; (iii) to an existing customer unless the customer has requested not to be called; or (iv) in which a sale is not completed and payment or authorization of payment is not required until after a later face-to-face sales presentation or meeting. <u>Id.</u> McDermet alleges that several of the phone calls he received were "inquiring whether [he] was interested in solar panels." D. 27 ¶¶ 10-12. McDermet also alleges he and Trinity entered into a settlement agreement regarding any claims arising up until March 31, 2016, <u>id.</u> ¶ 9, and he sent Trinity two letters demanding they stop calling him, <u>id.</u> ¶¶ 8, 15. These factual allegations, taken together, reasonably show that the alleged calls from Trinity were not in response to an

express request from McDermet, nor were they regarding an existing debt, relationship or anticipated sale. As such, the calls plausibly constitute unsolicited telephonic sales calls and McDermet may bring a private right of action against Trinity. See A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 82 (1st Cir. 2014) (citing Ocasio-Hernández, 640 F.3d at 14) (explaining that "[t]he critical question is whether the claim, viewed holistically, is made plausible by the cumulative effect of the factual allegations contained in the complaint" (internal quotation marks omitted)).

Having resolved this preliminary issue, the Court now addresses each of Trinity's arguments pertaining to McDermet's specific MTSA allegations. First, McDermet alleges Trinity violated § 3(i) of the MTSA, which provides that a "telephone solicitor shall not make or cause to be made an unsolicited telephonic sales call to a consumer: (i) if the consumer's name and telephone number appear on the then current quarterly no sales solicitation calls listing made available." Mass. Gen. L. c. 159C, § 3(i). Because McDermet states sufficient facts, taken as true, to allege Trinity's calls were unsolicited telephonic sales calls and he expressly claims his phone numbers have been on "Do Not Call" lists since 2003 and 2010, well before the alleged calls from Trinity occurred in 2016, the complaint contains sufficient factual matter to state a plausible claim under § 3(i). Accordingly, Trinity's motion to dismiss McDermet's MTSA § 3(i) claim is DENIED.

Second, McDermet claims Trinity violated MTSA § 4. D. 27 ¶ 20. Section 4 states that no "telephone solicitor shall intentionally cause to be installed or shall intentionally use a blocking device or service to circumvent a consumer's use of a call identification service or device." Mass. Gen. L. c. 159C, § 4. Trinity argues the "[c]omplaint contains no facts to suggest that such a device was utilized." D. 30 at 4. The Court agrees, but does not agree that it is futile to amend. Nothing

4

in the complaint indicates the caller's phone number was blocked, nor do any alleged facts imply a device or service was used to block caller identification. Although McDermet claims he returned several phone calls, which indicates he was able to identify the phone number, see D. 27 ¶ 12, this allegation does not resolve whether a blocking device was used as to all calls. Therefore, Trinity's motion to dismiss McDermet's MTSA § 4 claim is ALLOWED without prejudice.

Third, McDermet alleges Trinity violated MTSA § 5, which prohibits entities from republishing, compiling or selling an individual's contact information to telephone solicitors if that individual's name and phone number "appears in the then quarterly no sales solicitation calls listing." Mass. Gen. L. c. 159C, § 5. Trinity argues that "the Complaint does not allege that Trinity compiled leads and sold such leads in violation of Section 5." D. 30 at 4. The Court agrees. Merely alleging the violations "were committed by entities who may or may not be agents of the Defendant," D. 31 at 2; see D. 27 ¶¶ 20, 22, 23, 25, 26, is insufficient to establish a plausible claim under § 5. The complaint alleges no allegations indicating Trinity either compiled, republished or sold any contact information. Accordingly, Trinity's motion to dismiss McDermet's MTSA § 5 claim is ALLOWED.

Fourth, McDermet asserts Trinity violated MTSA § 5A(a), which requires telephone solicitors to disclose certain information within the first minute of a call, including the call's purpose, the name of the telemarketing company as well as the name of seller whose goods or services are being offered, and a description of the goods or services being offered. Mass. Gen. L. c. 159C, § 5A(a). Trinity argues that the complaint "provides scant information or allegations about the content of telephone conversations." D. 30 at 5. Most of the alleged calls from Trinity indicate the caller specified the call was about solar panels, suggesting compliance with § 5A(a). See D. 27 ¶¶ 10, 13. In addition, McDermet does not indicate the duration of any calls. As such,

the complaint alleges insufficient facts regarding the content and length of the conversations to assert a plausible claim under § 5A(a). See Gibbs v. SolarCity Corp., No. 16-cv-11010-TSH, 2017 WL 925003, at *5 (D. Mass. Mar. 8, 2017) (noting that a complaint must plead the necessary elements of a claim to establish plausibility and survive a motion to dismiss). However, given the nature of the claim and the additional allegations raised at the motion hearing, the Court does not conclude that it would be futile to amend this claim. Accordingly, Trinity's motion to dismiss McDermet's MTSA § 5A(a) claim is ALLOWED without prejudice.

B.     **TCPA Claims**

McDermet also argues that several of McDermet's federal claims must be dismissed. First, McDermet alleges Trinity violated 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200(a)(1)(iii) and 64.1200(a)(2) by using an automatic telephone dialing system ("ATDS") when calling McDermet's cellular telephone number. D. 27 ¶ 23. The elements of a TCPA claim relating to a cell phone are that "(1) the defendant called a cellular telephone; (2) using an ATDS; (3) without the recipient's prior express consent." Jones v. FMA Alliance Ltd., 978 F. Supp. 2d 84, 86 (D. Mass. 2013). Trinity argues that McDermet fails to allege facts in support of the second and third elements of the claim. D. 30 at 6. McDermet claims he sent letters demanding Trinity stop contacting him on two occasions. D. 27 ¶ 8, 15. These communications lead to a reasonable inference that Trinity's contact occurred without McDermet's express consent, and thus Trinity's argument regarding the third element of a TCPA claim fails.

Trinity also argues that the complaint "lacks sufficient and specific allegations that implicate—or at least suggest—use of an ATDS to initiate" the calls to McDermet. D. 30 at 6. The Court acknowledges that the "sufficiency of a plaintiff's TCPA claim 'turns on whether he plausibly pleads that defendants used an ATDS,'" but a "bare allegation that defendants used an

6

ATDS is not enough." Jones v. FMA, 978 F. Supp. 2d at 86 (quoting Gragg v. Orange Cab Co., 942 F. Supp. 2d 1111, 1113 (W.D. Wash. 2013)). A well-pled ATDS claim relies "on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used." Id. at 87 (quoting Gragg, 942 F. Supp. 2d at 1114); see Hickey v. Voxernet, LLC., 887 F. Supp. 2d 1125, 1129-130 (W.D. Wash. 2012) (noting that because of "the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery . . . courts can rely on details about the call to infer the use of an ATDS" (internal quotation marks omitted)). Describing "the robotic sound of the voice on the other line, the lack of human response when [] attempt[ing] to have a conversation with the 'person' calling [or] the generic content of the message [] received" may suffice to establish a plausible TCPA claim. Jones v. NCO Fin. Servs., No. 13-cv-12101-DJC, 2014 WL 6390633, at *2 (D. Mass. Nov. 14, 2014) (citing Johansen v. Vivant, No. 12 C 7159, 2012 WL 6590551, at *3 (N.D. Ill. Dec. 18, 2012)), vacated and remanded sub nom., Jones v. Hanna, No. 14-cv-2346 (1st Cir. Mar. 28, 2016). The First Circuit has found that the timing, length, frequency and volume of the alleged phone calls may permit a reasonable inference that an ATDS was used. Jones, No. 14-cv-2346, at *2. Here, McDermet alleges specific dates and the exact number of solicitation calls received on noted dates. D. 27 ¶¶ 10-14, 16-18. McDermet also claims his greeting was met with silence or a prerecorded message on several occasions. Id. ¶¶ 12, 17, 18. Furthermore, McDermet alleges that on some occasions, a machine voice asked him to wait for a representative and the call was then terminated without a live speaker ever speaking. Id. ¶ 17. Taken together, these facts suffice to raise an inference that an ATDS was used and thus state a claim that is plausible on its face.

Trinity applies this same ATDS argument to McDermet's claim that Trinity violated 47 U.S.C. § 227(b)(1)(iii) and 47 C.F.R. 64.1200(a)(1)(iii) and (2) by texting his cellular phone. D. 30 at 6-7; see D. 27 ¶ 24. The "FCC has reasonably interpreted 'call' under the TCPA to encompass both voice calls and text calls." Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 955 (9th Cir. 2009). McDermet alleges he received four text messages from an entity identifying himself as "Glen Myers, with Trinity Solar . . . of Wall NJ" timestamped 9:00 p.m. or later on September 29, 2016. D. 27 ¶¶ 14, 24. The identical phrasing and time frame during which these messages were received could lead to a reasonable inference an ATDS was used. See Reichman v. Poshmark, Inc., No. 16-cv-2359 DMS (JLB), 2017 WL 436505, at *5 (S.D. Cal. Jan. 3, 2017) (noting that "[w]hile additional factual details about Defendant's equipment might be helpful, they are not required to move beyond the pleading stage"); Robbins v. Coca-Cola Co., No. 13-cv-132-IEG (NLS), 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (stating that plaintiffs alleging text message TCPA violations may "rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages" to assert an ATDS was used). As such, McDermet has stated a claim that is plausible on its face. Accordingly, Trinity's motion to dismiss McDermet's TCPA claims is DENIED.

Since, at the motion hearing, McDermet voluntarily withdrew his 47 C.F.R. § 64.1200(a)(7)(i) claim, the Court dismisses this claim and need not address Trinity's arguments as to this claim.

## VI. Conclusion

For the foregoing reasons, the Court ALLOWS Trinity's motion to dismiss, D. 29, with regard to McDermet's MTSA §§ 4 and 5A(a) claims without prejudice and the § 5 claim and alleged violation of 47 C.F.R. § 64.1200(a)(7), but otherwise DENIES Trinity's motion to dismiss

as to the other claims.  If McDermet is going to file an amended complaint that includes amended counts as to the MTSA §§ 4 and 5A(a) claims, he must do so by March 5, 2018.

**So Ordered.**

/s/ Denise J. Casper<br>United States District Judge