IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
WILLIAM MCDERMET                            )
                                            )
            Plaintiff                       )
                                            )
v.                                          )   C.A. No. 1:17-cv-10566-DJC
                                            )
                                            )
TRINITY HEATING AND AIR, INC.               )
                                            )
            Defendants                      )
_____)

## THIRD AMENDED COMPLAINT

1. This is a civil action for damages based on the defendant's violations of the Federal Telephone Consumer Protection Act (47 U.S. Code § 227), M.G.L.c. 159C, and the Massachusetts Consumer Protection Act, M.G.L. c. 93A.

## THE PARTIES

2. Plaintiff, WILLIAM MCDERMET, is a natural person residing currently and all times relevant to this action in Ipswich, Essex County, Massachusetts.

3. Defendant, TRINITY HEATING AND AIR, INC. (hereinafter, TRINITY), is a corporation headquartered at 2211 Allenwood Road, Wall, New Jersey, 07719, and maintaining an office at 20 Patterson Brook Road, Unit #10, West Wareham, Massachusetts, 02576 (Plymouth County).

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the causes of action alleged in this Verified Complaint because defendant TRINITY has had sufficient contact with Massachusetts, and Essex County, in connection with the causes of action alleged in this Verified Complaint pursuant to G.L. c. 223A, § 3, and c. 93A. Defendants maintain offices within the Commonwealth.

5. The Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint.

6. Venue is appropriate because the violations complained of all occurred in Essex County, Suffolk County, or Middlesex County, Massachusetts.

## STATEMENT OF FACTS

7. Plaintiff registered his home telephone number (978-356-0256) with the State DoNot-Call registry on April 1, 2003, and Federal Do-Not-Call Registry on August 16, 2003, and his cellular telephone number (978-270-8669) with the State Do-Not-Call Registry on July 1, 2010, and Federal Do-Not-Call Registry on January 28, 2010, in accordance with G.L. c. 159C,

201 CR 12.05, 47 U.S. Code 227 (the Telephone Consumer Protection Act), and 16 C.F.R. § 310.4(b)(1)(iii)(B).

8. On March 7, 2016, Plaintiff mailed TRINITY a Demand Letter to the effect that TRINITY was violating state and federal Do-Not-Call laws, and demanding that they stop, to Trinity's office in Wall, New Jersey.  This letter was delivered and signed for on March 11, 2016.

9. On March 31, 2016, the Parties and a certain lead generator corporation (unnamed here), together with an agent of that lead generator, entered into a 'General Release, Confidentiality, and Settlement Agreement', regarding any claims arising up to that date, the circumstances and terms of which remain confidential.

10. On April 29, 2016 (twice); May 2, 2016; May 18, 2016; May 23, 2016; May 31, 2016; July 6, 2016; July 8, 2016 (thrice); July15, 2016 (twice); and September 6, 2016, unidentified entities telephoned Plaintiff on his cell phone (978-270-8669), inquiring whether Plaintiff was interested in solar panels.  On some of these occasions, the caller indicated that he or she was associated with TRINITY.  However, the caller failed to identify TRINITY within the first minute of the call.  Plaintiff was unable to redial the number shown during these calls on his telephone's caller identification.

11. On July 8, 2016 an unidentified entity telephoned Plaintiff on his home phone (978-356-0256), inquiring whether Plaintiff was interested in solar panels.  This caller never identified the end seller for whom they were soliciting.

12. On July 15, 2016 (twice); August 2, 2016; September 6, 2016; and September 28, 2016, Plaintiff received calls on his cellular phone where Plaintiff heard only silence, no person

appearing to be on the other end. Returning these calls, Plaintiff spoke with a person who stated that the preceding call was an inquiry about solar panels. On August 2, 2016, they indicated that they worked with TRINITY. This identification of the end seller was not within the first minute of that call.

13.     On September 22, 2016; September 26, 2016; September 28, 2016; November 4, 2016; and November 17, 2016, Plaintiff received calls on his cellular phone from entities regarding solar panels. These calls were longer than one minute, and never identified an end seller. When Plaintiff attempted to redial the numbers shown on his telephone's caller identification, he was either unable to do so, or reached an entity unassociated with solar panels.

14.     On September 29, 2016, Plaintiff received four text messages from someone who identified himself as "Glen Myers, with Trinity Solar … of Wall NJ." All four of these messages were timestamped 9:00 p.m. or later.

15.     Plaintiff mailed TRINITY a Demand Letter to the effect that TRINITY was violating State and Federal Do-Not-Call laws, and demanding that they stop, to Trinity's office in Wall, New Jersey, by certified mail on October 3, 2016. This letter was delivered and signed for on October 4, 2016.

16.     On November 11, 2016, Plaintiff received a call on his cellular phone from the "Solar Media Team", who transferred Plaintiff to "Melanie, with Trinity Solar", who placed Plaintiff on hold, and never returned to the call. The initial caller did not identify the end seller within the first minute of the call. Plaintiff was unable to redial the number shown during these calls on his telephone's caller identification.

17. On January 25, 2017, Plaintiff received two telephone calls to his cellular phone and heard a machine voice inquiring about solar panels, then asking Plaintiff to wait for a representative. Both calls were terminated by the caller with no human voice ever speaking. Both calls were longer than one minute. Plaintiff was unable to redial the number shown during these calls on his telephone's caller identification.

18. On February 22, 2016, Plaintiff received a call on his cellular phone, from 917398-9308 and heard only silence. Calling back, Plaintiff spoke with a person who indicated they had been calling from "Go Solar", then hung up. Plaintiff received three calls on February 24, 2016, from this same number, hearing only silence. Plaintiff was unable to redial the number shown during these calls on his telephone's caller identification.

## **COUNT I**

### **VIOLATIONS OF MASSACHUSETTS DO-NOT-CALL LAWS**

19. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-18, as if fully set forth herein.

20. Defendants or their agents on thirty-one (31) occasions knowingly and intentionally violated M.G.L.c.159C§3(i) and in some cases §§ 4 and 5A(a) by calling Plaintiff's home and cellular telephone numbers, which were registered several years prior to and at those times with the State and Federal Do-Not-Call Registries.

## **COUNT II**

### **VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS 47 U.S. Code § 227 AND 47 CFR 64.1200**

21. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-20, as if fully set forth herein.

22. Defendant or their agent on one above noted occasion knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(A)(iii) and 47 CFR 64.1200(c)(2) by calling Plaintiff's home telephone number, which was registered with the State and Federal Do-Not-Call Registries.

23. Defendant or their agents on thirty of the above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2) by calling Plaintiff's cellular telephone number, which was registered with the State and Federal Do-Not-Call Registries, using an automatic telephone dialing system.

24. Defendant on September 29, 2016, four times knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2) by texting Plaintiff's cellular telephone number, which was registered with the State and Federal Do-NotCall Registries.

25. Defendants or their agents on two of the above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(B), and 47 CFR 64.1200(a)(1)(iii) and (2) by using an artificial or prerecorded voice when calling Plaintiff's cellular telephone line.

**WHERFORE**, Plaintiff requests that this honorable Court:

A.      Enter judgment against the defendant on all counts, both individually and jointly and severally, where the context so allows;

B.      Award damages in the amount of $155,000 for the thirty-nine violations enumerated in Count I, being $5,000 for each as a violation of Massachusetts law per M.G.L.c.159C §5(b)(2);

C.      Award damages in the amount of $500 for the violation enumerated in Count II, paragraph 22, as a violation of Federal law in 47 U.S. Code §227(b)(1)(A)(iii) and 47 CFR 64.1200(c)(2), per 47 U.S. Code § 227(c)(5)(B);

D.      Award damages in the amount of $15,000 for the thirty violations enumerated in Count II, paragraph 23, $500 each as violations of Federal law in 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2), per 47 U.S. Code § 227(c)(5)(B);

E.      Award damages in the amount of $2,000 for the four violations enumerated in Count II, paragraph 24, $500 each as violations of Federal law in 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2), per 47 U.S. Code § 227(c)(5)(B);

F.      Award damages in the amount of $2,000 for the four violations enumerated in Count II, paragraph 25, $500 each as violations of Federal law in 47 U.S. Code § 227(b)(1)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2), per 47 U.S. Code § 227(c)(5)(B);

G.      Find that some or all of the violations complained of are willful or knowing, and award damages to Plaintiff and double or treble all such damages, as applicable and as the Court deems appropriate, pursuant to the provisions of M.G.L. c. 93A §2, and 47 U.S. Code § 227;

H.      Issue a Permanent Injunctive Order enjoining all Defendants from ever contacting

Plaintiff by telephone, at his home or cellular telephone number; and

I.    Award Plaintiff costs of suit.

**<u>PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE</u>**

By William McDermet, pro se

_/s/ William McDermet_____
William McDermet
4 Second Street
Ipswich, MA 01938 978.270.8669
xebec2718@gmail.com